# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KATHLEEN LOUISE WILLIAMS,

Defendant-Appellant.

FOR PUBLICATION
February 22, 2018
9:10 a.m.

No. 332834
Wayne Circuit Court
LC No. 15-009466-01-FH

Before: SHAPIRO, P.J., and HOEKSTRA and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals her jury trial convictions of larceny from the person, MCL 750.357, and larceny in a building, MCL 750.360. The trial court sentenced defendant to 2 years' probation for each conviction. We vacate defendant's conviction of larceny in a building, but affirm her conviction of larceny from a person.

## I. FACTS

On February 27, 2016, the Michigan State Police, using a decoy, conducted a sting operation at the Greektown Casino in Detroit, Michigan. The decoy placed a $100 ticket on the deck of a slot machine, and sat about a foot away from the machine with her back to the ticket while she played on her cell phone. At some point, defendant approached the decoy and the ticket, passed by twice while looking at the decoy and the ticket, walked behind the decoy, reached down, took the ticket with her right hand, and immediately walked away. The police arrested defendant after she walked about 5 feet with the ticket in her hand. She was charged as noted.

-1-

## II. ANALYSIS

## A. SUFFICIENCY OF THE EVIDENCE OF LARCENY FROM A PERSON

Defendant first argues that there was insufficient evidence to convict her of larceny from the person because the prosecution failed to prove, beyond a reasonable doubt, that she took property from the person of another. We disagree.[1]

In reviewing the sufficiency of evidence, this Court must view the evidence " 'in the light most favorable to the prosecutor and determine whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt.' " *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015) (citation omitted). "The standard of review is differential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). A prosecutor need not negate every reasonable theory of innocence, but must only prove his own theory beyond a reasonable doubt in the face of whatever contradictory evidence the defendant provides. *Id.*

The elements of larceny from the person are " '(1) the taking of someone else's property without consent, (2) movement of the property, (3) with the intent to steal or permanently deprive the owner of the property, and (4) the property was taken from the person's immediate area of control or immediate presence.' " *People v Smith-Anthony*, 296 Mich App 413, 423 n 5; 821 NW2d 172 (2012) (citation omitted). Defendant challenges whether taking the ticket off the slot machine while the victim was one foot away constitutes taking from the victim's immediate presence.

The Michigan Supreme Court defined "from the person of another to include takings from the possession and immediate presence of the victim." *People v Smith-Anthony*, 494 Mich 669, 681; 837 NW2d 415 (2013). In doing so, the Supreme Court narrowed this Court's definition of "from the person" in *Perkins*,[2] to exclude "immediate area of control." *Id.* at 682. The Court acknowledged that there was "scant [Michigan] caselaw explaining the scope of the immediate presence standard," but reviewed caselaw from other jurisdictions to define a standard that requires "*immediate* proximity between the object and the victim." *Id.* at 687. The Court further elaborated that "immediate presence in the larceny-from-the-person context is consistent with the plain meaning of the word immediate, which means having no object or space intervening, nearest or next." *Id.* at 688 (citation and quotation marks omitted). During its explanation of "immediate presence," the Court articulated that "[e]ven objects that are relatively close to a person are not considered to be in the person's immediate presence unless they are *immediately* next to the person." *Id.* at 687.

---

[1] This Court reviews a sufficiency of the evidence challenge de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011).

[2] *People v Perkins*, 262 Mich App 267; 686 NW2d 237 (2004); abrogated on other grounds by *People v Smith-Anthony*, 494 Mich 669; 837 NW2d 415 (2013).

The trial court instructed the jury on the elements of the larceny from the person, which included an instruction that "[i]mmediate presence means that the property was physically connected to [the victim], or was right next to her." The testimony and video showed that the ticket was about one foot from the decoy, and that there was no intervening object in that space. Defendant points out that the decoy had her back to the ticket for some time before the theft, and argues that this negates any claim that the ticket was in her "immediate presence." We agree that the fact that the decoy was not facing the object weighs in favor of a finding that it was not in her "immediate presence," but it does not negate the other evidence which is sufficient to support the verdict. The jury could properly determine that defendant's encroachment within one foot of the decoy and the lack of any intervening objects meant that the ticket was taken from the decoy's immediate presence.[3]

Defendant next argues that her conviction should be vacated because the prosecution failed to prove beyond a reasonable doubt that she intended to permanently deprive the decoy of the ticket. We disagree because evidence was presented that before defendant took the ticket she acted in a manner consistent with a larcenous intent. She surveyed the scene by walking past the decoy twice while looking at the decoy and the ticket, and she moved behind the decoy without disturbing her. After she picked up the ticket, she did not ask the decoy if it belonged to her but immediately walked away with the ticket. Moreover, defendant admitted that she knew that it was not her ticket. These facts satisfy the minimal circumstantial evidence required to prove intent. *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008) (stating that "because it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented."). Similarly, defendant's argument that she did not have time to leave the casino with the ticket, cash it, or use it does not negate the evidence of intent established by her conduct prior to taking the ticket.

Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence presented for a rational trier of fact to find the essential elements of larceny from a person proven beyond a reasonable doubt.

## B. MUTUALLY EXCLUSIVE CONVICTIONS

After oral argument, we directed the parties to brief an additional issue, i.e., "whether, under the circumstances of this case, the convictions for larceny from a person, MCL 750.357, and larceny in a building, MCL 750.360, are inconsistent such that one of the two convictions must be vacated." After a review of the briefs and record, we conclude that the two convictions require findings that are mutually exclusive, a circumstance resulting in a situation "where a

---

[3] We reject defendant's argument that this case is similar to *People v Smith*, 121 P3d 243 (Colo App, 2005) because of the distance involved. In *Smith*, the defendant took an item from the victim's shopping cart while the victim was "at the other end of the aisle" a distance estimated at twenty yards. *Smith*, 121 P3d at 248.

guilty verdict on one count logically excludes a finding of guilt on the other." *US v. Powell*, 469 US 57, 69; 105 S Ct 471; 83 L Ed 2d 461 (1984).[4]

As noted, in *Smith-Anthony*, the Supreme Court addressed the subject offenses. In that case, the defendant stole a perfume bottle in a store and while doing so was observed by a security agent watching on closed circuit television in an office inside the store. *Smith-Anthony*, 494 Mich at 673-674. The court concluded that in order to be a larceny from a person, the stolen item must have been under the "personal protection" of a person who is in the "immediate presence" of the item and that "[t]his standard is satisfied when the defendant takes property that is in the physical possession of a victim or property that is in immediate proximity to a victim when the taking occurs." *Id*. at 691-693.

The *Smith-Anthony* Court contrasted the situation where an item is under the protection of a person with that underlying the crime of larceny in a building. It stated that the latter occurs when the property is not within the "dominion" of a person and is therefore "only under the 'protection' of the store." *Id*. at 691. In the following excerpt it reviewed relevant common law doctrine and cited with approval, a passage from Perkins & Boyce, *Criminal Law* (3 ed, 1982):

> Finally, there is a related common-law doctrine that provides additional support for our conclusion. At common law, courts treated the taking of merchandise off a shelf or rack as a larceny from a building, not larceny from a person. Such takings were considered larcenies from a person only if an employee had been exercising direct control over the specific property at the time of the taking. As Professor Perkins explains,
>
> > Goods on open shelves, goods standing on the floor, goods arranged on tables or counters are normally treated as within the protection of the building. One distinction, however, is to be noted. If a jewel or other valuable thing, normally kept out of open reach of customers, is placed on the counter under the eye of the storekeeper or clerk while it is being examined by a customer, this is regarded as under the personal protection of the storekeeper or clerk at the moment, rather than under the protection of the building; whereas articles placed on the counter with the expectation that they will remain there all day, unless purchased, are under the protection of the building.

---

[4] Our order was imprecise in the use of the term "inconsistent" since the issue here does not involve whether the jury's verdicts are inconsistent, but rather whether the two convictions are mutually exclusive. An example of an inconsistent verdict would be a jury convicting a defendant of felony firearm while acquitting him of the underlying charged felony. See *People v Lewis*, 415 Mich 443; 330 NW2d 16 (1982). A mutually exclusive verdict occurs when a guilty verdict on one count requires a finding of fact that "negatives some fact essential to a finding of guilty on a second count" See *US v Daigle*, 149 F Supp 409 (D DC, 1957).

> [*Smith-Anthony*, 494 Mich at 690-691 quoting Perkins & Boyce, p 340-341.]

Reference to this treatise provides additional detail concerning the common law treatment of these two offenses:

> Some of the statutes speak of larceny *from* a building and others refer to larceny *in* a building, but there is no difference in the meaning as interpreted by the courts . . . . The issue is whether the property was under the protection of the [building]. . . . *If the property is in the pocket of some person within the building, or under his personal care at the moment in some other way, it is not regarded as within the protection of the building. The stealing of such property . . . will be larceny from the person rather than larceny from a building.*" [Perkins & Boyce, p 340 (emphasis added).]

We also note that while the body of MCL 750.360 provides that the crime occurs when a person "commit[s] the crime of larceny by stealing *within* any dwelling house . . .," the statute's title reads, "Larceny *from* places of abode, work, storage . . . ." Cf. *People v Klammer*, 137 Mich 399; 100 NW 600 (1904).

Recently, in *People v Davis*, 320 Mich App 484, 486; 905 NW2d 482 (2017), we found mutually exclusive guilty verdicts where the defendant was convicted of assault with intent to commit great bodily harm and aggravated domestic violence. The aggravated domestic violence statute, MCL 750.81a, provides, in pertinent part, that "an individual who assaults . . . an individual with whom he or she has had a dating relationship . . . without intending to commit murder or inflict great bodily harm is guilty . . ." of that offense. At the same time, the statute defining assault with intent to commit great bodily harm requires a finding that the defendant acted "with intent to do great bodily harm." MCL 750.84(1)(a). We concluded in *Davis* that "these two offenses are mutually exclusive from a legislative standpoint," where the statutes "reveal[] that a defendant cannot violate both statutes with one act as he or she cannot both intend and yet not intend to do great bodily harm . . . ." *Davis*, 320 Mich App at 486.

Consistent with that principle, we conclude that a larceny may be "from a person" or "in a building," but not both at the same time. The fact that the victim of a larceny from a person is in a building at the time of the larceny, is not sufficient to convict of larceny in a building. Thus, although a defendant may be charged with these offenses in the alternative as to the same larceny, he may not be convicted of both.

We affirm defendant's conviction of larceny from a person and vacate her conviction of larceny in a building.

/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Michael J. Kelly